Mr. Justice Merrick
delivered the opinion of the court.
The jurisdiction of this court in cases of divorce, is conferred by section 766 of the Revised Statutes of the District: “The Supreme Court shall have jurisdiction in all applications for divor.ee.”
Sections 731 to 740, define what shall be the causes of divorce; and section 740 then qualifies the general jurisdiction in these words: “No divorce shall be granted for any cause which shall have occurred out of the District, unless the party applying for the same shall have resided within the District for two years next preceding the application.”' Here is a negative pregnant declaring, as strongly as an-affirmative statement could, that where the cause of divorce has occurred within the District, thpre is jurisdiction.
According to the statement of this bill, the adultery which is complained of, the gravamen of the charge, was committed by the wife within the District of Columbia, and the husband comes here and files his bill. The court thinks that this is an appropriate place, within the provisions of the statute, for him to file it, and not only so, but that this is the most appropriate place for him to file it, for the reason that the wife coming here has assumed a domicile, and for the purposes of controversies between the wife and husband, the wife may assert, and frequently has asserted, a domicile adversary to that of the husband. Eor- the purposes *257 arising out of the marriage, the benefits of the marriage, and the remedies conferred by law upon these parties, in respect of obligations arising out of the marriage, the domicile of the wife follows the domicile of the husband. But in adversary proceedings between husband and wife, it does not lie in the mouth of the wife to put her case upon the ground that this is not her domicile when she has voluntarily assumed the domicile, and has violated the matrimonial contract within it. In such a case, the assertion of the matrimonial domicile on her part should not be considered.
There are cases in the English reports, referred to in the brief, where jurisdiction has been maintained in similar cases, one being a -case where there were cross-bills for divorce filed by the husband and wife who had been married in Scotland and the wife had gone to England. The wife’s bill for divorce was filed in Scotland, and the husband’s bill for divorce against her, was filed in England, and the English court entertained jurisdiction although the husband was domiciled in Scotland.
It seems entirely appropriate that the jurisdiction in such a case should be maintained here when the gravamen of the breach of the matrimonial contract has occurred within this jurisdiction, by the wife, and she remains within this District thereafter, for this reason: if the party against whom the divorce is sought, is not a resident within the jurisdiction where the demand is asserted, there are possibilities, which we know are often taken advantage of, of concocting testimony and of obtaining a divorce which might not have been obtained if the party charged with the wrong against the matrimonial contract, had been there to defend it. But when the bill is filed within the jurisdiction where the guilty party is, where the injury has been committed, and where all the witnesses to the transaction are to be found, it is most manifest that the purposes of justice can be best subserved by a thorough examination of all the facts at that place. The opportunity should be conferred where the cause of action, originated, and where *258 the case can be more effectually investigated and tbe truth obtained, so that there may be no collusion in obtaining a divorce in favor of any party>„
Another consideration is this: so far as the husband is concerned he is only interested in the jurisdiction where be lives; but the public here in the District is interested in knowing whether her status is fraudulently maintained. A woman who is unworthy to stand and hold herself out as a wife, and who violates the morals of the community by acting as a wife ought not to act, should not be assisted in any way by the court, .and this community is interested, and has a right to know whether she is a deserving and proper member of society, and her true status ought to be established, and the crimes, by means of which she has forfeited any claim to consideration in an orderly and moral community, should be unmasked.
For these considerations, it seems to the court not only proper to hold that the jurisdiction here is competent, but that it is an appropriate place to exercise jurisdiction under the statute.
The decree below will be reversed, and the case remanded for further proceedings.